**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **David McClory,** | ) | **CASE NO. 3:09 CV 703** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Robert Welch, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | | |

### Introduction

This matter is before the Court upon the Report and Recommendation of Magistrate Juge Vecchiarelli (Doc. 6) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

### Facts

Petitioner was sentenced in the state court on November 26, 2007, to four terms of imprisonment of nine years on each of four counts, three terms to be served consecutively and one term to be served concurrently with the other counts, for a total of 27 years imprisonment on charges of aggravated rape against a child under the age of thirteen. The court also

1

imposed a term of supervised release and found petitioner to be a sexual predator.

After exhausting his state remedies, petitioner commenced this action pursuant to 28 U.S.C. § 2254. Following issuance of the Magistrate Judge's Report and Recommendation, petitioner filed Objections.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner sets forth one ground for relief:

The remedy that the Ohio Supreme Court set forth in *State v.Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (Ohio Sup. Ct. 2006) violates the Ex Post Facto and Due Process Clauses of the United States Constitution.

The Magistrate Judge rejected Petitioner's claim on the basis that ex post facto challenges to the retroactive application of the *Foster* decision have been previously rejected by the federal district courts.

Petitioner acknowledges that since the filing of his Petition and his Traverse, the Sixth Circuit issued an Order in *Semala v. Duffy*, No. 09-4126 (6th Cir. June 9, 2010), wherein the court affirmed denial of a writ of habeas corpus. In so doing, it rejected petitioner's claim that her resentencing under *Foster* violated the ex post facto prohibitions inherent in the Due Process Clause because it retroactively subjected her to a sentence that exceeded the sentence she was subject to when the offenses were committed. The court, citing to *Hooks v. Sheets*,

603 F.3d 316 (6th Cir. 2010), reasoned that "non-minimum and consecutive sentences were always potentially available…" and, therefore, the resentencing under *Foster* did not violate either ex post facto or the Due Process Clause. Petitioner also acknowledges that the United States Supreme Court has denied certification to hear the issue in similar cases.

Conceding that the Sixth Circuit has rejected due process and ex post facto claims in two other *Foster* cases, the district courts have done likewise, and the United States Supreme Court has denied certification of the issue, petitioner then "respectfully requests that this Court rule in light of the evidence before it." (Doc. 7 at 3)

Given that the Sixth Circuit has determined that the retroactive application of *Foster* poses no constitutional concerns, there is no merit to the claim petitioner raises here.

**Conclusion**

For the foregoing reasons, the Report and Recommendation is accepted and the findings and conclusions incorporated herein by reference. Accordingly, the Petition for Writ of Habeas Corpus is denied. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/9/11

3